INHABITANTS OF CONCORD *versus* GEORGE M. DELANEY *& al.*

Prior to and including the year 1864, no town had any lawful authority to contract with substitute brokers for the furnishing of men to fill its quotas.

And none of the statutes enacted since that time has authorized or ratified, or confirmed such a contract.

The inhabitants of a town can maintain no action for the breach of such a contract.

The defendants demurred to a declaration in such an action, containing a special count duly setting out such an agreement, the consideration thereof, its non-performance and the consequent damages, and a count for money had and received, claiming under the latter, to recover the consideration paid by the plaintiffs, upon the ground that the same was obtained from them by "false and fraudulent assurances, representations and promises of the defendants :" — *Held,* that, as the latter count disclosed a good cause of action, the demurrer cannot be sustained.

ON EXCEPTIONS.

ASSUMPSIT to recover damages alleged to have occurred in consequence of a breach on the part of the defendants, of a contract declared to have been entered into between the parties.

The facts are sufficiently stated in the opinion.

*John S. Abbott,* for the plaintiffs, contended, *inter alia,* that Public Laws of 1865, c. 298, ratified all such contracts as the one set forth.

*D. D. Stewart,* for the defendants.

APPLETON, C. J. — The first count in the plaintiffs' declaration alleges that the defendants, co-partners as substitute brokers, in consideration that the plaintiffs would pay them $5400, promised and agreed "to furnish them with nine men," to be accepted and allowed on the quota of said town of Concord, under the call of the President of the United States, of July 18, 1864, "for a term of service of three years." The breach alleged is that the men furnished were one year's men. The contract is alleged to have been made on Sept. 30, 1864, and broken on Oct. 5, 1864.

The contract set forth is not one made with the soldier nor for his benefit. It does not provide for any bounty to be paid him. The Act of Feb. 20, 1864, c. 227, is for "providing bounties for soldiers."

By § 1, a bounty of $300 is to be "paid from the treasury of the State to each person who shall enlist and be mustered into the service of the United States, on the quota of this State," subject to certain limitations therein set forth.

By § 3, "no person shall be entitled to receive from this State or any town in it, any sum in addition to the bounty provided for by this Act." By § 6, towns are authorized "to make temporary provision for and pay to its recruits, such bounty, under the aforesaid conditions, which shall be reimbursed to it from the State treasury, but payment of a greater sum than three hundred dollars per man shall operate as a forfeiture of the right of reimbursement, in the case of each person so overpaid."

It is apparent that the contract, for the breach of which the plaintiffs claim to recover, was not one authorized by any existing statute, or which they had any right to make. The contracts to which this statute refers were with the soldiers enlisting and for their benefit.

This contract, as set forth, is not ratified or made valid by the Act of Feb. 17, 1865, c. 298. By § 1, the past acts and doings of towns, &c., "in offering, paying, agreeing to pay, and in raising and providing means to pay bounties to, and all notes and town orders given by the municipal offi-

cers of any city, town or plantation, in pursuance of a previous vote, for the benefit of volunteers, drafted men, or the substitutes of drafted or enrolled men, * * * are hereby made valid." The contract described in the declaration was not, nor does it purport to be "for the benefit of volunteers," &c.

By § 2, " all contracts heretofore made * * * by the municipal officers of any city, town or plantation, that has voted to raise bounties, with any volunteer, drafted man or substitute, for the payment of the bounty thus voted, and all contracts * * * for the purpose of raising means to pay such bounties so voted, are hereby made valid." It is obvious that this section gives no sanction to the contract upon which the plaintiff has declared.

Neither is this a contract " to pay bounties to such volunteers," &c., * * * " or to raise money to pay such bounties," nor one which could be ratified and confirmed under § 3.

The Act of Feb. 23, 1866, c. 59, gives no validity to the contract as set forth in the plaintiff's writ. It was clearly a contract unauthorized by any then existing law, and, if it were held, by a forced construction of § 3, to be within its provisions and susceptible of being ratified and confirmed by the subsequent action of the town, still, it has never received such ratification or confirmation.

Further, by the statute of 1864, c. 22, the amount authorized to be given a soldier as a bounty was limited to three hundred dollars. By the contract, as set forth in the plaintiffs' declaration, the defendants were to be paid six hundred dollars for each soldier. The alleged contract was in direct violation of the Act last referred to. Nor is it sanctioned by the Act of 1865, c. 298.

The object of the Legislature, in the various statutes relating to bounties, was to encourage and reward enlistment. The volunteers were the persons to be benefitted, not speculators nor substitute brokers.

These views are in accordance with the previous decisions

of this Court, in which a construction was given to the statutes under consideration. *Alley* v. *Edgecomb*, 53 Maine, 450 ; *Barker* v. *Dixmont*, 53 Maine, 576.

It follows, that the special counts in the plaintiffs' declaration set forth no valid contract, for the violation of which they would be entitled to recover damages.

The writ contains money counts, upon which the plaintiffs claim to recover the sum of fifty-four hundred dollars, and interest thereon, on the ground that the same was obtained from them by "the false and fraudulent assurances, statements, representations, and promises of the defendants." This count discloses a good ground of action. Whether the plaintiffs will be able to establish the facts necessary to entitle them to recover, upon a trial of the case, remains to be seen.

The demurrer, in the present case, is general, and applies to both counts. As there is a good count and a bad one, the demurrer cannot be sustained. *Blanchard* v. *Hoxie*, 34 Maine, 377.          *Exceptions sustained.*

CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.

TAPLEY, J., concurred in overruling the demurrer.